**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NASHONNA COLEMAN, an individual, | No. 14-55821 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01301-BAS-DHB |
| v. | |
| JENNY CRAIG, INC., a Delaware corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 6, 2016
Pasadena, California

Before: FARRIS, TYMKOVICH**, and M. SMITH, Circuit Judges.

Nashonna Coleman filed a class action lawsuit against Jenny Craig, Inc., her

former employer.  In support of her motion for class certification, Coleman alleged

that Jenny Craig had a common policy of forcing its hourly employees to miss

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Timothy M. Tymkovich, Chief Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

meal breaks or take short or late meal breaks, in violation of California Labor Code sections 226.7 and 512. Coleman also alleged that Jenny Craig's payroll system only paid the required wage premium when an employee's time-card showed an entirely missed meal break, but did not pay a premium when the time-card showed a short or late meal break. *See* Cal. Lab. Code. § 226.7(c).

The district court found that the lawsuit did not meet the commonality requirement for class certification, and denied the motion. *See* Fed. R. Civ. Pro. 23(a)(2). The court found that Jenny Craig did not have a common policy of forcing employees to miss meal breaks or take short or late meal breaks. The court also found that Jenny Craig did not have a common policy of not paying wage premiums for short or late meal breaks.

Coleman filed a motion for reconsideration. The motion argued that commonality had been shown by Jenny Craig's failure to create and disseminate a policy for paying wage premiums for short or late meal breaks. The district court denied the motion for reconsideration.

Coleman now appeals the district court's denial of class certification and the denial of the motion for reconsideration, solely on the issue of whether Jenny Craig's wage premium policies, or lack thereof, are sufficient to show commonality.

We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f). We affirm.

Coleman's class action complaint alleged that Jenny Craig violated California Labor Code sections 226.7 and 512. However, the failure to pay a wage premium is not a freestanding violation of these Labor Code sections. *Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160, 1167–68 (Cal. 2012). These sections of the Labor Code are violated when an employer forces its employees to take short or late meal breaks. *Kirby*, 274 P.3d at 1168. The wage premium is the remedy for this violation. *Id.*

In order to show commonality for these claims then, Coleman had to show a common practice of forcing employees to take short or late meal breaks. *See Ugas v. H & R Block Enters.*, No. CV 09-6510 CAS (SHx), 2012 WL 5230297, at *4 (C.D. Cal. July 9, 2012). A common practice of not paying wage premiums is not sufficient to show commonality for claims under these statutes. The failure to pay wage premiums is not a freestanding violation of the statutes. *See id.* Coleman has not challenged the district court's finding that Jenny Craig did not have a common policy of forcing employees to take short or late meal breaks. The district court was correct to find that Coleman had not shown commonality.

3

Our decision is unaffected by the recent California Court of Appeal case *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138 (2015). In *Safeway*, the claim being certified for class status was a claim under California's Unfair Competition Law. *Id.* at 1155. The complaint alleged that the defendant's policy of not paying wage premiums was, by itself, a violation of the Unfair Competition Law. *Id.* at 1160–61. Here, the failure to pay a wage premium is not, by itself, a violation of the Labor Code. Therefore, unlike in *Safeway*, class certification is not appropriate.

**AFFIRMED.**